IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FREDERICK LEE RAY,

    Petitioner,                      No. CIV S-08-0811 JAM DAD P

    vs.

MIKE KNOWLES,

    Respondent.                   ORDER

/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the decision of the California Board of Parole Hearings to deny him parole at a 2006 parole consideration hearing.  On October 21, 2009 and December 16, 2009, petitioner filed requests to expand the record before the court to include the transcript of a subsequent parole consideration hearing held on July 16, 2009, at which petitioner was also found unsuitable for parole.  Petitioner has attached the 2009 hearing transcript to his December 16, 2009 request to expand the record and requests that the court consider this document for the purpose of "showing his parole eligibility status has not changed since his previous hearing lodged with this court."  (December 16, 2009 Motion for Expansion of the Record at 1.)

/////

Rule 7 of the Rules Governing § 2254 cases allows the district court to expand the record without holding an evidentiary hearing. Cooper-Smith v. Palmateer, 397 F.3d 1236, 1241 (9th Cir. 2005) (citing 28 U.S.C. foll. § 2254, Rule 7). However, before the record may be supplemented with new evidence, a petitioner must meet the standards set forth in 28 U.S.C. § 2254(e) for the conducting of an evidentiary hearing. Id. Under this statutory scheme, a district court presented with a request for an evidentiary hearing must first determine whether a factual basis exists in the record to support a petitioner's claims and, if not, whether an evidentiary hearing "might be appropriate." Baja v. Ducharme, 187 F.3d 1075, 1078 (9th Cir. 1999). See also Earp v. Ornoski, 431 F.3d 1158, 1166 (9th Cir. 2005); Insyxiengmay v. Morgan, 403 F.3d 657, 669-70 (9th Cir. 2005). Expansion of the record in this case to include the transcript of petitioner's subsequent 2009 parole consideration hearing is not necessary or appropriate. The events that transpired at petitioner's 2009 parole consideration hearing have no bearing on petitioner's claim in the instant petition that the Board of Parole Hearings violated his right to due process by finding him unsuitable for parole in 2006.

Accordingly, IT IS HEREBY ORDERED that petitioner's October 21, 2009 (Doc. No. 18) and December 16, 2009 (Doc. No. 19) requests to expand the record are denied.

DATED: January 20, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
ray811.exp

2